# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.W.

No. 16-1057 (Preston County 15-JA-15)

## MEMORANDUM DECISION

Petitioner Father C.W., by counsel Justin Gregory, appeals the Circuit Court of Preston County's October 11, 2016, order terminating his parental and custodial rights to S.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Kristen D. Antolini, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental and custodial rights upon a finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, the DHHR filed an abuse and neglect petition against the parents. Specifically, the petition alleged that petitioner had a long history of domestic violence toward his girlfriend's three children who lived in the home.[3] Moreover, the petition alleged that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

[3]Petitioner's girlfriend is also S.W.'s mother.

1

petitioner was twice arrested for his physical violence toward the children, including incidents in which he repeatedly struck the children in the face with various objects. Lastly, the petition alleged that the home was in deplorable condition and that petitioner and his girlfriend failed to provide the children with adequate medical care.

In May of 2015, petitioner filed a written stipulation to allegations in the petition, and the circuit court adjudicated him as an abusing parent. Specifically, petitioner admitted to having twice been charged with the crime of child abuse resulting in injury. Petitioner further admitted to likely emotional damage to the children by virtue of his arrest in their presence. Lastly, petitioner admitted that the "charges and arrests may have interfered with his ability to parent." Accordingly, petitioner's written stipulation indicated his agreement to participate in services "to alleviate and improve" his deficient parenting. As such, the circuit court granted petitioner a post-adjudicatory improvement period. In February of 2016, the circuit court granted petitioner an improvement period as disposition in order to permit additional counseling.

In July of 2016, the circuit court held a series of dispositional hearings, during which it heard testimony from the psychologist treating the children. According to the psychologist, the children expressed fear of petitioner and did not want him to return to their mother's home. Moreover, the visitation supervisor testified that petitioner only interacted with S.W. during visits, aside from raising his voice at the other children. This caused the supervisor concern, especially in light of unsolicited disclosures from the children regarding petitioner's past maltreatment. In regard to his court ordered drug screens, the circuit court also heard evidence that petitioner tested positive for marijuana in March of 2015 and positive for buprenorphine without a prescription in March of 2015 and May of 2015. Moreover, petitioner failed to appear for court ordered screens twenty-one times from February of 2016 through April of 2016. Petitioner stopped screening entirely in May of 2016. Further, although he attended the required parenting and life skills services, petitioner's provider testified that he did not make meaningful progress with these services, as evidenced by his inability to implement what he was taught therein. As such, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and terminated his parental and custodial rights to S.W.[4] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[4]The parental rights of both of S.W.'s parents were terminated below. The child resides with his maternal grandparents. According to the guardian, as of the filing of her response brief the permanency plan for the child is adoption in that home.

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error. On appeal, petitioner's entire argument appears to be predicated on his assertion that "no further charges have been brought against [him], he has not been arrested, and there have been no allegations that [he] has harmed any of the children." According to petitioner, this evidence established that the conditions of abuse and neglect that necessitated the petition's filing no longer exist. We do not agree.

Simply put, petitioner's argument ignores the fact that his arrests for child abuse resulting in injury were the result of his abusive actions and inappropriate parenting. His argument also ignores the fact that he did not have custody of S.W. during the pendency of these proceedings and, thus, was essentially precluded from engaging in any further criminal abuse. Contrary to petitioner's argument that the conditions of abuse and neglect were corrected, evidence below established that they persisted throughout the proceedings, the fact that petitioner did not incur additional criminal charges in the interim notwithstanding. During the proceedings, petitioner received two improvement periods in order to undergo services designed to correct the conditions of abuse and neglect. We have previously held that

> "[a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child[ren]." Syllabus Point 6, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

Syl. Pt. 4, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010).

In granting petitioner an improvement period at disposition, the circuit court undertook an analysis of his compliance with his post-adjudicatory improvement period and found that he failed to comply with the terms thereof. Specifically, the circuit court found that petitioner was not compliant with his drug screening and failed to obtain appropriate housing. Moreover, following petitioner's second improvement period, the circuit court also determined that petitioner was not compliant with the terms thereof. Again, petitioner failed to comply with drug screens. Further, a service provider testified that, although he completed his parenting and adult life skills education "on paper," petitioner failed to implement any changes in his parenting behavior as a result of these services. This was evidenced by "negative interaction" between petitioner and the children during visits, in addition to his inability to properly parent S.W.

Based upon this substantial evidence, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because

he failed to follow through with services designed to remedy the conditions of abuse and neglect, as set forth in West Virginia Code § 49-4-604(c)(3). Contrary to petitioner's argument on appeal, this finding was not clearly erroneous. As set forth above, this finding was based on substantial evidence, including petitioner's failed drug screens, refusal to fully comply with screening requirements, and his inability to properly implement the skills taught through his services. The circuit court further found that termination of petitioner's parental and custodial rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental and custodial rights upon such findings. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 11, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker